UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA A. JYACHOSKY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>GORDON ENGLAND, Secretary, )<br>Department of the Navy, )<br>)<br>Defendant )<br>_____ ) | Civil Action Nos. 04-1733, 04-1734,<br>05-239, 05-271, and 05-2251(HHK) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S CONSOLIDATED MOTION TO DISMISS OR TRANSFER VENUE

Plaintiff Barbara A. Jyachosky ("Plaintiff"), through counsel, respectfully submits this memorandum of law in support of her Motion In Opposition To Defendant's Motion To Dismiss Or Transfer Venue.

### I. INTRODUCTION

Ms. Jyachosky has filed five complaints before this Honorable Court (Civil Actions 04-1733, 04-1734, 05-239, 05-271 and 05-2251), each of which contains claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA")[1]. Defendant argues in his Motion To Dismiss Or Transfer Venue ("Def.'s Mot.") that the Court should transfer all of Plaintiff's cases to the Eastern District of Virginia because the Title VII claims in 04-1733 and 04-1734 allegedly do not provide for venue in the District of Columbia (District) (Def.'s Mot. at 2).

---

[1] Civil Action 05-CV-2251 was filed on November 18, 2005, after the Defendant submitted his Motion to Dismiss or Transfer Venue.

1

However, Defendant acknowledges that venue in this district is proper for Civil Actions 05-239 and 05-271 in their entirety[2], as well as for the ADEA claims in 04-1733 and 04-1734. (Def's Mot. at 4, 6). Plaintiff opposes the Defendant's Motion to Transfer the four cases to the Eastern District of Virginia, and denies that the District of Columbia is not the proper venue. Instead, it is Plaintiff's argument that because venue is proper in this district for 04-1733 and 04-1734 under the ADEA and for 05-239, 05-271 and 05-2251 under both Title VII and the ADEA, the Court should deny the Defendant's motion to transfer the above-listed cases to the Eastern District of Virginia.

## II.  STANDARD OF LEGAL REVIEW

When determining whether this Court will transfer a case for improper venue, this Court must accept the "plaintiffs well-pled factual allegations regarding venue as true, draw reasonable inferences from those allegations in the plaintiffs favor, and resolve any factual conflicts in the plaintiffs favor." *James v. England,* 332 F.Supp. 2d 239 (D.D.C. 2004), quoting *Darby v. United States DOE,* 231 F.Supp. 2d 274 (D.D.C. 2002); *2215 Fifth St. Assocs. V. U-Haul Int'l, Inc.,* 148 F.Supp. 2d 50, 54 (D.D.C. 2001). To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *U-Haul,* 148 F. Supp. 2d at 51.

Though generally speaking, venue must be established for each cause of action, it is clear that venue must be established at least for the principal cause of action if one can be identified. *Hayes v. RCA Service Co.,* 546 F.Supp. 661, 664 (D.D.C. 1982). In special

---

[2] The Plaintiff's 5th complaint, civil action no. 05-2251 is properly filed in the District of Columbia because its Title VII claims and ADEA claims provide for venue in the District of Columbia.

circumstances, the courts may in the exercise of judicial discretion apply the doctrine of "pendent venue". *Laffey v. Northwest Airlines, Inc.* 321 F.Supp. 1041 (D.D.C. 1971)

### III.  ARGUMENT

**A.    Venue Is Proper In This District for Plaintiff's ADEA Claims In All Five Civil Actions: 04-1733, 04-1734, 05-239, 05-271 And 05-2251**

As far as claims and actions brought under the ADEA are concerned, the general venue provisions of 28 U.S.C. § 1391 apply. *Archuleta v. Sullivan, Secretary, Dept. of Health and Human Services,* 725 F.Supp. 602 (D.D.C. 1989). Under 28 U.S.C. § 1391 an ADEA claim may be brought before any court of competent jurisdiction. Defendant admits that Plaintiff's ADEA claims in all her cases could be brought in the District of Columbia. (Def's Mot. at 6). Therefore, as far as Plaintiff's claims under ADEA are concerned, they have been rightfully brought before this district for adjudication, and there is no dispute as to the fact that venue for these ADEA claims is proper in this district.

**B.    Venue Is Proper In This District For Plaintiff's Title VII Claims In At Least Three Out Of Five Civil Actions: 05-239, 05-271 And 05-2251**

As a general rule, venue for federal claims in which jurisdiction is not founded solely on diversity of citizenship is governed by the general federal venue statute, 28 U.S.C. § 1391. *Management Information Technologies, Inc. v. Alyeska Pipeline Service Company, Inc.,* 1993 U.S. Dist. LEXIS 7642 (D.D.C. 1993). Nevertheless, venue for actions under Title VII regarding employment discrimination are governed by 42 U.S.C.

3

§2000e-5(f)(3). This special venue provision provides that a Title VII action may be brought in one of four judicial districts—

- where the unlawful employment practice allegedly occurred;
- where the employment records relevant to such practices are administered and maintained; or
- where the Plaintiff would have worked but for the challenged employment practice;
- but if defendant is not found within any such district, such an action may be brought within the judicial district in which the defendant has its principal office.

*James v. England, Secretary of the Navy,* 332 F. Supp. 2d 239 (D.D.C. 2004); *Spencer v. Rumsfeld, Secretary, Dept. of Defense,* 209 F.Supp. 2d 15 (D.D.C. 2002); *Darby v. U.S. Dept. of Energy,* 231 F.Supp. 2d 274 (D.D.C. 2002).

**First Prong**      **Judicial District Where Unlawful Employment Practice Occurred**

An analysis of the first prong of the statute reveals that, although Plaintiff initially worked at NAVSEA's Arlington, Virginia offices until its command was transferred to Washington, D.C. in July 2001 (Def's Mot. at 2), her discrimination complaints refer to a series of continuing actions that took place right up to the agency's forced retirement of Plaintiff in August 2004. Each of Plaintiff's five cases have overlapping facts and circumstances and support continuing discriminatory acts by the Department of the Navy (see Def's Mot. at 1), irrespective of whether NAVSEA was headquartered in Virginia or the District of Columbia. Therefore, based on a "commonsense appraisal of how the events in question arose" it can be seen that the claims stated in 05-239, 05-271 and 05-

2251 follow a sequential pattern of events and follow chronologically after the events stated in 04-1733 and 04-1734. *Spencer v. Rumsfeld,* 209 F. Supp. 2d 15 (D.D.C. 2002) The five separate complaints demarcate by years, <u>and not by location</u>, the sequence of alleged discriminatory acts that Plaintiff suffered at the hands of Defendants over a period of years. (See Complaints generally). Therefore, Plaintiff's complaints arose sequentially both in Virginia and in the District of Columbia, and must not be treated as separately occurring in these two locations, but rather as a continuous series of events. Therefore, Plaintiff is right in choosing this district as the venue for her five complaints.

**<u>Second Prong</u>**        **Judicial District where Relevant Employment Records Are Administered and Maintained**

The second basis for deciding venue is the judicial district in which the employment records relevant to [the unlawful employment] practice are maintained and administered. Since a relevant factual dispute exists as to this issue this court must first resolve the factual dispute before making a decision on Defendant's transfer motion. See in general *Kershner v. Norton, Secretary of the Dept. of the Interior,* CA No. 02-1887(RMU), 2003 U.S. Dist. LEXIS 14117 (D.D.C. 2003).

Plaintiff believes that pertinent employment records relevant to her complaints of discrimination are located at the Washington Navy Yard, Washington, D.C. with an: 1. agency attorney (Ms. Nanette Oppenheimer (NAVSEA OOL)); 2. Personnel Officer, Program Executive Officer for Ships (where Plaintiff was formerly located); 3. Administrative Officer for the Commander, NAVSEA, and 4. NAVSEA Comptroller (SEA 01) personnel. (See Affidavit of Barbara Jyachosky, ¶4). As per Plaintiff's knowledge and information, traditionally, PEO administrative officers keep duplicate

5

copies of what is provided to NAVSEA's Administrative Officer, such as performance and monetary awards, and time and attendance records, among others.

Ms. Oppenheimer has been the agency's lead and sole attorney involved in Plaintiff's Civil Actions 04-1733 and 04-1734. Ms. Oppenheimer has accumulated boxes of files over the past eight years related to 04-1733 and 04-1734, in addition to 05-239, 05-271, and 05-2251. Such files include transcripts of testimony, performance and monetary awards, e-mails, official correspondence, time and attendance reports, among others.

In addition, NAVSEA's Comptroller Directorate (SEA 01), Washington Navy Yard, would have Plaintiff's time and attendance records. The records held in St. Louis, Missouri apply mostly to Plaintiff's official notices of hiring among federal agencies, promotions, within-grade increases, and award and training certificates, since she began working with the federal government in June 1961, at a GS-3. These records have little to do with the discrimination, retaliation, and harassment she suffered from her NAVSEA male supervisors and senior managers. In fact, Plaintiff's records more appropriate to her five cases are located at NAVSEA, Washington Navy Yard, among above stated parties, and would be more comprehensive than those found in St. Louis, Missouri.

Thus, if the Plaintiff's relevant employment records relating to the discriminatory employment practice are to be found in the District of Columbia, then this district is "*the* judicial district in which the her employment records are "maintained and administered", and this district remains the proper venue for Plaintiff's five complaints. *Washington v. General Electric Corp.,* 686 F. Supp. 361 (D.C. Cir. 1988) (emphasis in original).

6

Even if Plaintiff's records are now located/archived in St. Louis, Missouri (Def's Mot. at 3), they are not being administered and maintained there for purposes of the Title VII provision. *Saran v. Harvey, Secretary of the Army,* 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005). In fact, Defendant states that the records are in Missouri only to be archived there because Plaintiff is no longer an employee of NAVSEA (Decl. of Edward Godfrey, ¶3). However, the mere presence of Plaintiff's records in Missouri does not imply that they are being "administered and maintained" there. *Id.*

There is no necessity to examine the third basis for venue determination because, based on the foregoing two prongs, Plaintiff has established that all her complaints were properly brought before this district and must not be transferred to the Eastern District of Virginia. In addition, there is no indication in Defendant's motion that suggests that the interests of justice be any less served if the complaints were to remain in this District.

However, for the sake of completeness of arguments, Plaintiff briefly discusses the remaining two prongs to establish venue as per 42 U.S.C. §2000e-5(f)(3). As to the **Third Prong**, Plaintiff is not claiming that she would have worked in this district but for the alleged discrimination, so this prong is not applicable. The **Fourth Prong** is only applicable when the defendant cannot be found in any of the first three venue locations. *Ramirez v. England, Secretary, Dept. of the Navy,* 2002 U.S. Dist. LEXIS 26574 (D.D.C. 2002). Defendant argues that Plaintiff should have brought her action in the Eastern District of Virginia (Def's Mot. at 2). In fact, in the instant case, Defendant at the present time cannot be found in the Eastern District of Virginia, having shifted its headquarters to Washington, D.C. in July 2001 (Def's Mot. at 2). Therefore, since the Defendant "cannot be found" in Virginia, Plaintiff is correct in bringing her action within this district since

7

Defendant has its principal office here. See 42 U.S.C. § 2000e-5(f); *Ramirez at 2; Stebbins v. State Farm Mutual Auto Ins. Co.,* 413 F.2d 1100 (D.C. Cir. 1969).

As far as Plaintiff's two other complaints (05-239 and 05-271) are concerned, Defendant acknowledges that venue is proper in the District of Columbia (Def's Mot. at 4). Venue is also proper in the District for Plaintiff's most recently filed fifth complaint, 05-2251. Since a "substantial part" of the allegations in 05-2251 centers around Plaintiff's employment, while she was situated at the Navy Yard in Washington, D.C., 05-2251 is also properly brought in this district. *Donnell v. Nat'l Guard Bureau,* 568 F. Supp. 93, 94 (D.D.C. 1983).

Assuming arguendo, even if this court were to find that the Title VII claims under civil actions 04-1733 and 04-1734 do not properly lie in this district, Plaintiff proffers the following argument: If three out of five complaints lie properly in this district and all five cases have overlapping facts and circumstances, rather than allow three cases to be transferred to the Eastern District to Virginia on account of merely two, based on a "common sense appraisal" of the five cases, it would be in the interests of "sound judicial economy" to let the two cases remain in this district because three other related cases are properly filed here. *Spencer v. Rumsfeld,* 209 F. Supp. 2d 15 (D.D.C. 2002); see also *Seamon v. Upham,* 563 F. Supp 396 (E.D. Tx. 1983); *Travis v. Anthes Imperial Limited*, 473 F.2d 515 (8th Cir. 1973).

C.  **The Doctrine Of Pendent Venue May Be Applied To Allow The Plaintiff's Cases To Remain In This District**

Plaintiff also seeks to have this court apply the Doctrine of Pendent Venue, in which a federal court hears claims for which venue is, otherwise, not proper in the interests of sound judicial economy. *Boggs v. U.S. Secret Service,* 987 F.Supp. 11 (D.D.C. 1997). Pendent venue is the exception to the rule that venue must be proper as to each defendant and each claim. Pendent venue allows venue that is proper to a federal claim to be proper to other claims if all the claims pleaded arose out of the same transaction or occurrence, i.e., a common nucleus of operative facts. *Beattie v. U.S.,* 756 F.2d 91 (D.C. Cir 1984)

This Circuit has adopted the principle of pendent venue which provides that proper venue as to one claim will support adjudication of any other claim as long as the claims amount to a single cause of action. *Archuleta v. Sullivan, Secretary, Dept. of Health and Human Services,* 725 F.Supp. 602 (D.C. Cir. 1989). The Court of Appeals has listed three factors to consider in reviewing the propriety of pendent venue: (1.) Whether the claims originate from a common nucleus of operative fact; (2.) The existence of common issues of proof; and (3.) The existence of similar witnesses. *Rueber v. United States,* 242 U.S. App. D.C. 370 (D.C. Cir. 1985); *Laffey v. Northwest Airlines, Inc.*, 321 F. Supp. 1041 (D.D.C. 1971).

1.  **Plaintiff's Claims Originate From A Common Nucleus of Operative Fact**

In all of the Plaintiff's five complaints, her claims are based on acts of employment discrimination she suffered on account of her gender, her age, and retaliation against for prior protected activity. In all complaints, the common perpetrator

of the alleged discriminatory acts was a NAVSEA male supervisor and his male successors, or senior NAVSEA male leadership, under whom the Plaintiff performed her duties. Therefore, it is apparent that the Plaintiff's claims derive from the same "common nucleus of operative fact". *Rueber,* 242 U.S. App. at 372. In fact, the Defendant's have all but admitted to this fact by stating that "the allegations of these latter two complaints [05-239 and 05-271] significantly overlap with the allegations of 04-1733 and 04-1734" (Def Motion to Transfer Venue, page 2).

2.   **The Existence of Common Issues of Proof**

The issues of proof that need to be established in each of the Plaintiff's five complaints are similar, such as whether or not Plaintiff had the right under federal and state laws to work in an environment free of discrimination, harassment, and hostility; whether the acts complained of over the years constituted a violation of her rights against discrimination, and whether as a result of such discriminatory and retaliatory treatment Plaintiff is entitled to compensable damages. See Complaints generally. *Rueber,* 242 U.S. App. at 373.

3.   **The Existence of Common Witnesses**

There is undoubtedly the existence of similar witnesses in each of Plaintiff's complaints since they would be persons such as Plaintiff's co-workers who had actually witnessed, or who were aware of the discriminatory acts Plaintiff suffered at the hands of her male supervisors and male NAVSEA leadership. See Complaints generally.

Therefore, based on the above three factors, it appears reasonable to request this court to consider exercising pendent venue under the facts and circumstances of these cases and, thereby, allow Plaintiff's cases to remain in this District.

**D.     Other Pertinent Reasons to Deny Defendants Motion To Transfer Venue**

28 U.S.C. § 1404(a) sets forth the three factors to be considered in a venue transfer motion: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. *Beals v. Sicpa Securink Corp.*, 1994 U.S. Dist. LEXIS 7104 (D.D.C. 1994). The language of 28 U.S.C.S. § 1404(a) indicates that transfer of venue is a discretionary matter for the trial court. *Dooley v. United Technologies Corp.*, 786 F. Supp. 65, 82 (D.D.C. 1992). A court's decision, however, should turn on considerations of convenience and the interest of justice, *Ferens v. John Deere Co.*, 494 U.S. 516, 110 S. Ct. 1274, 1280, 108 L. Ed. 2d 443 (1990), and the court should be guided by factors traditionally used in a forum non conveniens analysis. *Stewart v. Capitol Area Permanente Medical Group*, 720 F. Supp.3, (D.D.C. 1989).

If Defendant is able to establish that an adequate alternative forum exists, this court should then evaluate the relevant "private" factors. *Pain v. United Technologies Corp.*, 205 U.S. App. D.C. 229, 637 F.2d 775, 783 (D.C. Cir. 1980); See also, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947). A non-exhaustive list of the relevant "private" factors to be considered includes the convenience of the witnesses; ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the expense of willing witnesses; and the enforceability of a judgment, if one is obtained. See, *Gilbert*, 330 U.S. at 508; *Pain*, 637 F.2d at 782.

The balance of private factors should be viewed with a "strong presumption against disturbing plaintiff's initial forum choice." *Pain*, 637 F.2d at 784. Plaintiff's

11

choice of forum thus becomes a very important factor in determining the balance of private factors. *Beals,* at 7, 8.

**(1.) The Interests Of Justice, Judicial Economy and Convenience Are Best Served By Allowing Plaintiff's Cases To Remain In This Judicial District**

As the movants, Defendants must show that transfer is in the "interest of justice", although the decision whether to transfer or to dismiss the case is within the district court's discretion. *Cary v. Social Security Administration,* (CA No. 00-890-RWR) 2000 U.S. Dist. LEXIS 15871 (D.D.C. 2000) citing *Naartex Consulting Corp. v. Watt,* 232 U.S. App. D.C. 293, 722 F.2d 779 (D.C. Cir. 1983), cert denied, 467 U.S. 1210, 104 S.Ct. 2399 (1984). By virtue of the five cases all being filed in the District, they were all assigned to United States District Judge Henry H. Kennedy. At a status conference held on July 25, 2005, Plaintiff had occasion to meet with and discuss her cases with the Honorable Judge, who has become well acquainted with the facts and circumstances of Plaintiff's grievances in all her complaints.

Since the Honorable Judge of this district has already familiarized himself with the case history and facts, and has even had occasion to rule on a Motion For Summary Judgment filed by the Plaintiff, as well as a Motion To Dismiss filed by the Defendant, this court is already well seized of the matter.  Additionally, since the plain language of 28 U.S.C. §1404(a), "give[s] prominence to the private, convenience factors," it would be in the interests of justice and judicial economy and convenience to allow the Honorable Judge Kennedy to continue to adjudicate on the five cases, rather than have them transferred to another venue where another judge would again have to review anew the

entire load of documentation to apprise himself of the facts of these cases. *Stewart*, 720 F.Supp. at 4; *Beals*, at 9

**(2.)     Defendant's Motion For Transference Is Based On A Technicality and Therefore This Court Should Defer to Plaintiff's Choice of Venue**

It appears to be on a mere technicality that Defendant has made this Motion for Transfer of Venue. For example, although the Secretary of the Navy's office is located at The Pentagon in Arlington, Virginia, it has a Washington, D.C. address:  1000 Pentagon, Washington, D.C. 20350-1000.  Plaintiff's former employer, NAVSEA/PEO Ships, was located in Arlington (Crystal City), Virginia, only about a mile from The Pentagon, before it was moved to the Navy Yard in Washington, D.C. in July 2001. In most normal circumstances a distance of a mile does not make that much of a difference. Therefore, it appears to be only a matter of geography that this particular mile in question separated The Pentagon/Secretary of the Navy's Office with a Washington, D.C. address.

Even assuming that venue may be appropriate in the Eastern District of Virginia, this fact, in itself, does not necessarily preclude the possibility that venue may also be proper in this district, that is, that the events transpiring in this district also may be of operative significance. *Brown v. Artery Organization, Inc.,* 654 F. Supp. 1106 (D.D.C. 1987) Venue may be proper, albeit rarely so, in two judicial districts. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 184-85,  61 L. Ed. 2d 464, 99 S. Ct. 2710 (1979); *Akbar v. New York Magazine Co.*, 490 F. Supp. 60, 66-68 (D.D.C. 1980).

In such circumstances, if plaintiffs' choice of forum is convenient to defendants, and the witnesses and evidence are easily accessible there, the court should defer to plaintiffs' choice of forum. *Brown,* 654 F.Supp at 1112. See also *Texas Eastern*

*Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Cooper v. Camp Pinecrest, Inc.*, 175 F. Supp. 817, 818 (D.C. N.Y. 1959). In the instant case, it is apparent that (a) Plaintiff's choice of forum has not been proved to be inconvenient to Defendant; and (b) all or almost all the witnesses and evidence to be called at trial are easily accessible in the District of Columbia or in the suburban Washington area. *Brown,* 654 F.Supp at 1112.

Moreover, the United States District Court for the Eastern District of Virginia, Alexandria division, is but a few miles from the United States District Court for the District of Columbia. *Beals v. Sicpa Securink Corp.*, 1994 U.S. Dist. LEXIS 7104 (D.D.C. 1994) citing *Brown v. Artery Organization, Inc.*, 654 F. Supp. 1106, 1113 (D.D.C. 1987). Therefore, there should be minimal difficulty in presenting the documentary evidence here since, as the Court judicially knows, the distance between Alexandria and the courthouse in which this Court sits, is but a few miles. *Brown, 654 F. Supp. at 1113.*

**(3.) No Harm or Prejudice to Defendant, Whereas Plaintiff Will Suffer Hardships On Account of Transfer**

28 U.S.C. §1404(a) places particular emphasis on private factors. *Beals, at 14.* The balance of private factors should be viewed with a "strong presumption against disturbing Plaintiff's initial forum choice." *Pain*, 637 F.2d at 784. Plaintiff's former attorney chose the District of Columbia as the forum for these cases. As all other private factors are more or less equal, this would appear to be dispositive and Defendants' motion should therefore be denied. *Beals, at 14.*

Defendants, however, contend that Plaintiff's choice of forum should be accorded little weight because she is not a resident of the District of Columbia. (Def's Mot. at 6, fn.1). Specifically, Defendant relies on *Stewart* which states that the deference normally accorded plaintiff's choice of forum is lessened when the plaintiff's choice of forum is outside of his home jurisdiction. 720 F. Supp. 3, at 5 (D.D.C. 1989) (citing *Martin-Trigona v. Meister*, 668 F. Supp. 1, 2 (D.D.C. 1987)).

While Plaintiffs' choice of forum may not be given the presumptive weight conferred upon a resident plaintiff, her choice of Washington, D.C., as the forum for this action cannot be overcome without a showing of significant inconvenience to the parties or witnesses. *Beals v. Sicpa Securink Corp.*, 1994 U.S. Dist. LEXIS 7104 (D.D.C. 1994) (emphasis added); *Ross v. Product Development Corp.*, 736 F. Supp. 285 (D.D.C. 1989). If Defendant was able to establish that the District of Columbia is inconvenient or that Virginia is significantly more convenient than Washington, they would be able to overcome the presumption favoring Plaintiff's choice of forum. *Beals, fn.10*. However, Defendant has not articulated any reason whatsoever in its motion that tends to show that it would suffer any harm or prejudice were the cases to remain before the courts in the District of Columbia.

Defendant has not demonstrated any particular inconvenience associated with a trial in Washington, D.C. A transfer to Virginia would not necessarily prove to be more convenient based on the private factors. *Id.* The convenience to the witnesses, as well as ease of access to sources of proof, are substantially similar in either location, compulsory process is available in both jurisdictions, the expense of trial in both sites are similar and a judgment, if obtained, can be enforced in either location. *Id.*

While Defendant would not suffer any harm, the converse is true of Plaintiff who *will* suffer incalculable mental and financial harm due to such a transfer, as enumerated and described below:

### (i.) Possible Change In Attorney And Increase In Costs

Transfer of the cases to the Eastern District of Virginia will cause numerous hardships to Plaintiff, such as an increase in costs due to the likelihood of change in attorneys. Plaintiff's present attorney is not admitted to the practice of law in the Commonwealth of Virginia. Therefore, Plaintiff will likely have to once again put herself through the tedious process of selecting another competent attorney, and re-explaining her cases to the new attorney who will also then have to apprise him/herself of Plaintiff's five complaints. This will undoubtedly result in higher costs to Plaintiff, who has already suffered grave financial losses on account of the long-drawn out litigation with the Defendant.

### (ii.) Delays In Resolution Of The Plaintiff's Cases

Transfer of the Plaintiff's cases to the Eastern District of Virginia will result in further delays to the final outcome of Plaintiff's cases. Plaintiff has already been the victim of years of unnecessary and painful delays while her cases were pending before the EEOC. Once again, Plaintiff will be penalized with delays to the hearing and adjudication of her cases on account of their transfer out of this district. Plaintiff prays that the legal adage "Justice delayed is justice denied." not become true in her case; however, such will unfortunately be the case if Plaintiff's complaints are, in fact, transferred out of this district to the Eastern District of Virginia.

Additionally, as was made apparent in all of Plaintiff's first four complaints, Plaintiff's previous long-time attorney suffered from a major heart ailment and had to be hospitalized for major heart surgery, at about age 84. Plaintiff was unaware of the attorney's scheduled heart surgery until shortly before the operation occurred. Thus, Plaintiff was left to fend entirely for herself, on his behalf while he was sick, and later as *Pro Se* Plaintiff when he no longer served as her attorney. It was on the advice of this former attorney that Plaintiff had filed her cases in this district. It, therefore, appears patently unfair for Plaintiff now to be penalized with further delays by having her cases transferred out of this district.

E.     **Alternate Argument:  Consolidation Of Plaintiff's Five Complaints**

If this Honorable Court is not inclined to accept Plaintiff's arguments to allow the five cases to remain in this district, then pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiff seeks leave of this Court to consolidate the claims in her five complaints into one comprehensive complaint, "as a matter of convenience and economy in administration." *Johnson v. Manhattan Ry.,* 289 U.S. 479, 53 S.Ct. 721 (1933); see also *Darby v. U.S. Dept. of Energy,* 231 F.Supp. 2d 274 (D.D.C. 2002).

Such a consolidated complaint would enumerate all of the Plaintiff's causes of action, which span from 1991 to 2004, thus covering alleged discriminatory and retaliatory acts in both Virginia and the District of Columbia. Under this scenario, Plaintiff could rightfully bring the consolidated case before this district without meeting with objections of improper venue brought up by Defendant, because a "substantial part"

17

of the alleged discriminatory acts when combined, would take place in the District of Columbia. *Donnell v. Nat'l Guard Bureau,* 568 F. Supp. 93, 94 (D.D.C. 1983).

**F.**     **Conclusion**

It appears that the only reason for Defendant's present Motion To Transfer is to increase the extent and complexity of the litigation, cause unnecessary delays in the resolution of these matters and, thereby, harass Plaintiff into ultimately losing heart, giving up her claims, and withdrawing her complaints against Defendant. Defendant must not be allowed to use the law to accomplish such forms of veiled intimidation. Plaintiff desires to have these cases resolved as early as possible so that she can put this chapter of her life behind her and move on with her life.

Since transfer of cases to alternate venues is a matter left to the discretion of the courts, Plaintiff prays that the courts will observe the balance of "convenience" between the two parties and the "fairness" of the situation, and deny Defendant's Motion to Dismiss or Transfer Venue. *SEC v. Savoy Industries,* 587 F.2d 1149 (D.C. Cir. 1978).

Based on the foregoing, Plaintiff respectfully requests that:

(a)     Defendant's Combined Motion to Dismiss or Transfer Venue be denied; and that,

(b)     In the interests of justice, sound judicial economy and convenience, Plaintiff's five complaints be allowed to remain with this District Court.

(c.)     In the alternative, Plaintiff respectfully requests that she be permitted to consolidate her five complaints into one comprehensive complaint which can then be permitted to remain with this judicial district for hearing and adjudication.

Respectfully Submitted,

*Pat Cresta Savage*

Pat Cresta Savage
Counsel for the Plaintiff