UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA A. JYACHOSKY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD WINTER, Secretary, )<br>Department of the Navy, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-2251 (HHK) |

### DEFENDANT'S MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Defendant Donald Winter[1], Secretary of the Department of the Navy ("Defendant"), through counsel, hereby moves to transfer venue of this case to the Eastern District of Virginia. In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Pursuant to LCvR 7(m), Defendant's counsel has consulted with Plaintiff's counsel concerning this motion. Plaintiff opposes the motion.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

/s/
STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney

---

[1] Donald Winter has succeeded Gordon England as Secretary of the Navy. Pursuant to Fed. R. Civ. P. 25(d)(1), Mr. Winter is automatically substituted as Defendant.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA A. JYACHOSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2251 (HHK) |
| ) | |
| DONALD WINTER, Secretary, ) | |
| Department of the Navy, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO TRANSFER VENUE**

Defendant Donald Winter, Secretary of the Department of the Navy ("Defendant"), through counsel, respectfully submits this memorandum of law in support of his motion to transfer venue.

**I. INTRODUCTION**

From 1969 until 2004, Plaintiff was employed by the Naval Sea Systems Command ("NAVSEA"), a component of the Department of the Navy. See Complaint ¶ 5. In this, the fifth in a series of civil actions filed by Plaintiff against the Navy, Plaintiff again alleges that a string of male NAVSEA supervisors, all acting in concert, discriminated and retaliated against her in a series of allegedly adverse employment actions from 1991 though her retirement in 2004. Id. at ¶¶ 7-12. As before, Plaintiff brings her claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"). The only new allegations in this complaint are that the Navy denied Plaintiff a monetary award for 2003-2004 and a "Quality

Salary Award" for 2002-2003 and 2003-2004. Id. at 2 (introductory paragraph).[2]

On November 15, 2005, Defendant moved to dismiss or transfer to the Eastern District of Virginia the four related Jyachosky cases, Civil Actions 04-1733, 04-1734, 05-239, and 05-271. Because the allegations in the instant complaint (which Plaintiff filed on November 18, 2005) significantly overlap with the allegations in the four related cases, this complaint too should be transferred to the Eastern District of Virginia so that all five cases may be resolved together.

## II.  ARGUMENT

As with the four related cases, the instant complaint alleges a series of discriminatory and retaliatory employment actions from 1991 through 2004, covering Plaintiff's employment both in Arlington, Virginia, and in Washington, D.C.  See Complaint ¶ 7-12.[3]  Because some of the challenged actions are alleged to have occurred in the District of Columbia, venue is proper here. See 42 U.S.C. § 2000e-5(f)(3) ("[A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"); see also Peary v. Tenet, 2004 U.S. Dist. LEXIS 27668, *5-6 (D.D.C. 2004) (ADEA actions against the U.S. government are governed by general venue provision, 28 U.S.C. § 1391(e), under which venue is proper where defendant resides, where cause of action arose, or where plaintiff resides).

---

[2] Plaintiff also alleges that Defendant delayed providing her a 2002-2003 performance evaluation, denied her a monetary award for 2002-2003, and delayed setting her performance standards for 2003-2004.  See Complaint at 2 (introductory paragraph).  Plaintiff made all these allegations in Civil Actions 05-239 and 05-271.  See 05-239, Complaint ¶¶ 20-22, 33-34, and 51; see also 05-271, Complaint ¶¶ 22-25, 32, and 42.

[3] In July 2001, NAVSEA (Plaintiff's unit) moved its headquarters from Arlington, Virginia, to the Washington Navy Yard, Washington, D.C.  See Civil Actions 04-1733, 04-1734, 05-239, and 05-271, Defendant's Consolidated Motion to Dismiss or Transfer Venue, Exhibits A and B (Godfrey Decls.) ¶¶ 5.

Nevertheless, this case should be transferred to the Eastern District of Virginia for the convenience of the parties and witnesses, and in the interest of justice.

Pursuant to 28 U.S.C. § 1404(a), a case that is properly filed in a particular jurisdiction may be transferred to another, more convenient, jurisdiction in the following circumstances:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (2001). The decision to transfer a case to another district is discretionary and involves a "factually analytical, case-by-case determination of convenience and fairness." SEC v. Savoy Industries, 587 F.2d 1149, 1154 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979). Consistent with this standard, federal courts have articulated three requirements with respect to such a transfer: (1) that a judicial district exists in which the case might have been properly brought, (2) that the convenience of the parties and witnesses would be better served in an alternative judicial district, and (3) that the interests of justice would be better served in an alternative judicial district. SEC v. Page Airways, Inc., 464 F. Supp. 461, 463 (D.D.C. 1978). All three requirements are met in this action.

First, because this case challenges employment actions occurring both in the Eastern District of Virginia and the District of Columbia, the case could have been brought in the Eastern District of Virginia. See 42 § 2000e-5(f)(3); 28 U.S.C. § 1391(e). Second, as shown in Defendant's Consolidated Motion to Dismiss or Transfer Venue (filed in Civil Actions 04-1733, 04-1734, 05-239, and 05-271) ("Consolidated Motion"), venue in Civil Actions 04-1733 and 04-1734 is improper in this district; under 28 U.S.C. § 1406(a), Civil Actions 04-1733 and 04-1734

must be either transferred to the Eastern District of Virginia or dismissed and re-filed there.[4]

Because the instant action and 04-1733 and 04-1734 contain numerous overlapping factual allegations relating to what Plaintiff describes as a concerted effort by all her male supervisors since 1991 to harass and retaliate against her, allowing this case (and 05-239 and 05-271) to be litigated in the District of Columbia while 04-1733 and 04-1734 are litigated in the Eastern District of Virginia would entail needless duplication in the efforts of the parties[5] and witnesses. Third, the interests of justice would be better served if the five cases were adjudicated together in the Eastern District of Virginia. Indeed, allowing Plaintiff to maintain separate suits here and in Virginia would essentially allow her to circumvent Title VII's cap on damages. See 42 U.S.C. § 1981a(a)(1), (b)(3); Fogg v. Ashcroft, 254 F.3d 103 (D.C. Cir. 2001) (defendant's liability is capped at $300,000, regardless of the number of claims in plaintiff's complaint). Given all these factors, and the inappropriateness of having two different Courts adjudicate redundant claims, this case should be transferred to the District Court for the Eastern District of Virginia along with Civil Actions 04-1733, 04-1734, 05-239, and 05-271.

---

[4] In Defendant's Consolidated Motion, he mistakenly suggested that venue for the ADEA claims in 04-1733 and 04-1734 was proper in the District of Columbia. See Consolidated Motion at 6. In actual fact, venue for those ADEA claims is proper only in the Eastern District of Virginia. Specifically: (1) the defendant (the Secretary of the Navy) resides in Virginia, at the Pentagon; (2) both causes of action, which challenge conduct allegedly occurring from 1991 to 2000 (when Plaintiff still was employed in Arlington, Virginia), arose in Virginia; and (3) Plaintiff resides in Virginia. See 28 U.S.C. § 1391(e).

[5] Plaintiff, a resident of Virginia, see Complaint ¶ 3, cannot claim any greater convenience in pursuing these cases in the District of Columbia. See Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989) (plaintiff's choice of forum is entitled to less weight when that forum is outside plaintiff's home jurisdiction).

### III.  CONCLUSION

Based upon the foregoing, Defendant respectfully requests that this case be transferred to the District Court for the Eastern District of Virginia for the convenience of the parties and witnesses and in the interest of justice.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

/s/
STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney