UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA A. JYACHOSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Nos. 05-2251 (HHK) |
| DONALD WINTER, Secretary, ) | |
| Department of the Navy, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER VENUE**

Plaintiff Barbara A. Jyachosky ("Plaintiff"), through counsel, respectfully submits this memorandum of law in support of her motion in opposition to Defendant's Motion to Transfer Venue.

**I.  INTRODUCTION**

Plaintiff was an employee of the Naval Sea Systems Command ("NAVSEA") from 1969 until her forced retirement in 2004. In or around 1991, Plaintiff began to face a series of discriminatory treatment and retaliation from her male supervisors at NAVSEA. To protect and preserve her rights, Plaintiff began to file complaints of employment discrimination based on age, gender, national origin discrimination, and retaliation, against the Department of the Navy when, on April 25, 1997, her then male supervisor, Captain Gordon I. Peterson, a then active duty U.S. Navy captain assigned to the Naval Sea Systems Command (SEA OOD), gave her a written letter, based on false allegations, forcibly detailing her to Program Executive Officer (PEO) for Surface Combatants/Aegis Program, with the intent of permanent reassignment.  Captain Peterson was the

1

immediate successor of Plaintiff's male supervisor, Captain David Thomas, then active duty U.S. Navy, who began the discrimination and retaliation against Plaintiff beginning about December 1991. In September 1994, Captain Peterson immediately picked up where Captain Thomas left off after he retired about July 1994 , to intimidate, harass, discriminate, and retaliate against Plaintiff. Once Plaintiff initiated her first Equal Employment Opportunity complaint in April 1997, she became marked target for her succeeding male supervisors, who continued their discriminatory, retaliatory, intimidating ,and harassing actions against until forcing her to retire from the federal service in August 2004. Thus, Plaintiff filed five complaints before this Honorable Court, being Civil Actions 04-1733, 04-1734, 05-239, 05-271 and 05-2251, the last of which was filed on November 18, 2005, and is the subject of Defendant's current motion to transfer venue.

Each of Plaintiff's five complaints contains claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"). Prior to the filing of Plaintiff's fifth complaint—05-2251, on November 15, 2005, Defendant filed a Combined Motion To Dismiss or Transfer Venue ("Def's Combined Mot") in Plaintiff's first four complaints. Defendant argued that the Court should transfer all of Plaintiff's cases to the Eastern District of Virginia because the Title VII claims in 04-1733 and 04-1734 allegedly do not provide for venue in the District of Columbia (Def.'s Combined Mot. at 2). However, Defendant acknowledged that venue in this district was proper for Civil Actions 05-239 and 05-271 in their entirety, as well as for the ADEA claims in 04-1733 and 04-1734. Id. at 4, 6.

2

Plaintiff filed a Memorandum in Opposition to Defendant's Combined Motion to Dismiss or Transfer Venue in the four cases to the Eastern District of Virginia, and denied that the District of Columbia was not the proper venue. Instead it is Plaintiff's argument that because venue is proper in this district for 04-1733 and 04-1734 under the ADEA and for 05-239, 05-271 and 05-2251 under both Title VII and the ADEA, the Court should deny the Defendant's motion to transfer 05-2251 to the Eastern District of Virginia.

## II.  STANDARD OF LEGAL REVIEW

When determining whether this Court will transfer a case for improper venue, this Court must accept the "plaintiffs well-pled factual allegations regarding venue as true, draw reasonable inferences from those allegations in the plaintiffs favor, and resolve any factual conflicts in the plaintiffs favor." *James v. England,* 332 F.Supp. 2d 239 (D.D.C. 2004), quoting *Darby v. United States DOE,* 231 F.Supp. 2d 274 (D.D.C. 2002).

## III.  ARGUMENT

**A.      Venue Is Proper In The District Of Columbia For Plaintiff's Title VII Claims**

Venue for actions under Title VII regarding employment discrimination are governed by 42 U.S.C. §2000e-5(f)(3). This special venue provision provides that a Title VII action may be brought in one of three judicial districts:  (a) where the unlawful employment practice allegedly occurred; (b) where the relevant employment records are located; or (c) where the Plaintiff would have worked but for the challenged employment practice. *James v. England, Secretary of the Navy,* 332 F. Supp. 2d 239 (D.D.C. 2004).

3

Therefore, since the discriminatory and retaliatory actions complained of occurred from 1991 through 2004 and covered Plaintiff's employment both in Virginia and in Washington, D.C., venue is undoubtedly proper here in this district.

**B.     Venue Is Proper In The District of Columbia For Plaintiff's ADEA Claims**

ADEA actions are governed by the general venue provisions of 28 U.S.C. § 1391. *Archuleta v. Sullivan, Secretary, Dept. of Health and Human Services,* 725 F.Supp. 602 (D.D.C. 1989). 28 U.S.C. § 1391(e) provides that venue would be proper:   (a) where defendant resides; (b) where cause of action arose; or (c) where plaintiff resides. Based on these factors it is clear that since many of the allegations made in the complaint arose in this district, venue will lie here.

**C.     No Justification To Transfer Case Exists Since Interests of Justice And Convenience of Parties Are Equally Well Served In This District As They Would Be In The Eastern District of Virginia**

Defendant relies on 28 U.S.C. § 1404(a) to support his argument to transfer 05-2251 to the Eastern District of Virginia (Def's Mot to Transfer Venue at 3). The language of 28 U.S.C.S. § 1404(a) indicates that transfer of venue is a discretionary matter for the trial court. *Dooley v. United Technologies Corp.*, 786 F.Supp. 65, 82 (D.D.C. 1992).  A court's decision, however, should turn on considerations of convenience and the interest of justice, *Ferens v. John Deere Co.*, 494 U.S. 516, 110 S.Ct. 1274, 1280, 108 L. Ed. 2d 443  (1990), and the court should  be guided  by  factors traditionally  used in a forum non conveniens analysis. *Stewart v. Capitol Area Permanente Medical Group*, 720 F. Supp.3, (D.D.C. 1989).

*SEC v. Page Airways, Inc.* lists three requirements to be met to justify a transfer. 464 F.Supp. 461, 463 (D.D.C. 1978). These requirements have *not* been met in reference

to 05-2251. Defendant argues that this case could have been brought before the Eastern District of Virginia, and should be transferred there for the convenience of the parties and witnesses, and in the interests of justice (Defendants Motion to Transfer, at 3). Although it is conceivable that this action could possibly have been brought in the Eastern District of Virginia, the other two requirements of interests of justice and convenience of parties and witnesses being "better served in an alternative judicial district" have simply not been met in the instant case. *SEC,* 464 F.Supp. at 462.

For reasons listed below, Plaintiff explains why the Eastern District would not necessarily serve the best interests of justice or be more convenient for parties and witnesses. In fact, this District would be just as convenient, if not more (e.g., the Naval Sea Systems Command, located at the Washington Navy Yard, is about a mile from the court, compared to about 12 miles to the Eastern District of Virginia in Alexandria, Virginia.)  Additionally, there is no indication in Defendant's motion that suggests that the interests of justice would be any less served if the complaints were to remain in this District.

- Venue for Plaintiff's third, fourth and fifth complaints (05-239, 05-271 and 05-2251) does lie in this district, both for Title VII claims as well as claims under ADEA.
- Defendant has acknowledged that, as far as 05-239 and 05-271 are concerned, venue is proper in this district (Def's Combined Mot. at 4).
- Defendant has also acknowledged that, as far as the present complaint, 05-2251 is concerned, this district is, once again, the proper venue (Def's Mot. to Transfer Venue at 2).

5

- Further Defendant has acknowledged that all of Plaintiff's ADEA claims (in all her civil actions before this court) could have been brought before this district (Def's Combined Mot. at 6).

- Therefore, there was no dispute as to the appropriateness of this district being the venue at least as far as Plaintiff's ADEA claims were concerned in all her complaints[1].

- The parties and witnesses could travel for depositions and court hearings as easily to this district as they would to the courts in Virginia. *See, Pain v. United Technologies Corp.*, 205 U.S. App. D.C. 229, 637 F.2d 775, 783 (D.C. Cir. 1980); See also, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947).

- This court is already seized of Plaintiff's five complaints, has met with Plaintiff and has ruled on summary motions in this case. Thus, there is no need for another court in another judicial district to re-apprise itself of the facts of these civil actions, when this court is already cognizant of the facts.

- The balance of private factors should be viewed with a strong presumption against disturbing plaintiff's initial forum choice. *Pain v. United Technologies Corp.*, 205 U.S. App. D.C. 229, 637 F.2d 775, 783 (D.C. Cir. 1980)

While Plaintiffs' choice of forum may not be given the presumptive weight conferred upon a resident plaintiff[2], her choice of Washington, D.C., as the forum for this

---

[1] It is only now in this present motion that Defendant (in a footnote) seeks to retract his admission of this district being the proper venue for the ADEA claims in 04-1733 and 04-1734 (Def's Mot. to Transfer Venue at fn. 4)

[2] Defendant relies on *Stewart v. Capitol Area Permanente Medical Group,* 720 F. Supp. 3, 5 (D.D.C. 1989) to claim that Plaintiff's choice of forum is entitled to less weight when that forum (here, Washington, D.C.) is outside her home jurisdiction (Def's Mot. to Transfer Venue at fn. 5). However *Stewart* is qualified and

6

action cannot be overcome without a showing of significant inconvenience to the parties or witnesses. *Beals v. Sicpa Securink Corp.*, 1994 U.S. Dist. LEXIS 7104 (D.D.C. 1994); *Ross v. Product Development Corp.*, 736 F. Supp. 285 (D.D.C. 1989). If Defendant was able to establish that the District of Columbia is inconvenient or that Virginia is significantly more convenient than Washington, they would be able to overcome the presumption favoring Plaintiff.s choice of forum. *Beals, fn.10.* However, Defendant has not articulated any reason whatsoever in its motion that tends to show that it would suffer any harm or prejudice were the cases to remain before the courts in the District of Columbia. Defendant has not demonstrated any particular inconvenience associated with a trial in Washington, D.C. A transfer to Virginia would not necessarily prove to be more convenient based on the private factors. *Id.* The convenience to the witnesses, as well as ease of access to sources of proof, are substantially similar in either location, compulsory process is available in both jurisdictions, the expense of trial in both sites are similar and a judgment, if obtained, can be enforced in either location. *Id.*

**D.    Plaintiff's Counter Argument To Defendant's Argument To Transfer 05-2251 On The Grounds Of *forum non conveniens*.**

With respect to 04-1733 and 04-1734, Defendant's Consolidated Motion sought to dismiss the cases for improper venue, or in the alternative, to have the cases transferred to the Eastern District of Virginia. With respect to 05-239 and 05-271, Defendant's Consolidated Motion sought to have the cases transferred to the Eastern District of Virginia solely on the ground of *forum non conveniens*. Similarly with the present complaint, 05-2251, Defendant seeks to have it transferred on grounds of *forum non conveniens* (See generally Def's Combined Mot. to Transfer).

---

thereby overridden by the holding in *Beals v.Sicpa Securink Corp.,* 1994 U.S. Dist. LEXIS 7104 (D.D.C. 1994).

7

Defendant asserts that 04-1733 and 04-1734 do not lie in this district but rather in the Eastern District of Virginia, and should be dismissed or transferred there. Defendant then argues that since the facts of Plaintiff's five complaints significantly overlap each other, the other three complaints, 05-239, 05-271 and 05-2251 should also be transferred to the Eastern District of Virginia, rather than be heard in this district. (Def's Combined Mot. to Transfer at 2; Def's Mot. to Transfer Venue(05-*2251) at 2)*

However, Plaintiff proffers the following *co*unter argument to Defendant's argument to transfer: even if this court were to find that the Title VII claims under civil actions 04-1733 and 04-1734 do not properly lie in this district, Plaintiff asserts that since three out of her five complaints (including 05-2251) lie properly in this district and all five cases have overlapping facts and circumstances, rather than allow three cases (which includes 05-2251) to be transferred to the Eastern District to Virginia on account of merely two, based on a "commonsense appraisal" of the five cases, it would be in the interests of "sound judicial economy" to let the two cases remain in this district because three other related cases are properly filed here. *Spencer v. Rumsfeld,* 209 F. Supp. 2d 15 (D.D.C. 2002); see also *Seamon v. Upham,* 563 F. Supp 396 (E.D. Tx. 1983); *Travis v. Anthes Imperial Limited*, 473 F.2d 515 (8th Cir. 1973).   Therefore, Plaintiff asserts that not only would it be more convenient to keep all five cases in the District of Columbia but also Defendant will suffer *no prejudice* whatsoever if the cases remain here.

E.      **Alternate Argument: Consolidation Of Plaintiffs Five Complaints**

If this Honorable Court is not inclined to accept Plaintiff's arguments to allow her fifth complaint, 05-2251, to remain in this district, then Plaintiff seeks leave of this Court to consolidate the claims in her five complaints into one comprehensive complaint. Such

8

a consolidated complaint would enumerate all of the Plaintiff's causes of action, which span from 1991 to 2004, thus covering alleged discriminatory and retaliatory acts in both Virginia and the District of Columbia. Under this scenario, Plaintiff could rightfully bring the consolidated case before this district without meeting with objections of improper venue brought up by Defendant.

**F.     Conclusion**

Based on the foregoing, Plaintiff respectfully requests that Defendant's Motion to Transfer Venue be denied, and that in the interests of sound judicial economy Plaintiff's fifth complaint, 05-2251, be allowed to remain with this District Court. In the alternative, Plaintiff respectfully requests that she be permitted to consolidate her five complaints into one comprehensive complaint which can then remain with this district for hearing and adjudication.

Respectfully Submitted,

*Pat Cresta Savage*

Pat Cresta Savage
Counsel for the Plaintiff